NOT DESIGNATED FOR PUBLICATION

No. 120,731

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ALEXANDER COCHRAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed November 8, 2019. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Alexander Cochran was already on probation in two cases when he pleaded guilty to domestic battery against his wife. As part of a plea agreement, the State and Cochran jointly asked the court to order probation for the domestic battery. The parties also asked the court not to revoke probation in the two earlier cases.

But the court rejected those recommendations. It said that probation was not appropriate because Cochran had already been on probation for assaulting his wife and had continually violated protection orders. Because of that, the court concluded that he would pose a danger to her if given probation and entered a one-year jail sentence on the domestic-battery conviction. The court also revoked probation in the earlier cases and ordered that he serve the underlying sentences in those cases.

Cochran appeals, arguing that the district court should have followed the plea agreement's recommendations. But a district court has discretion to disregard the sentencing recommendations in a plea agreement. It also has discretion to revoke probation when the defendant commits a new crime. We generally reverse discretionary decisions like these only if no reasonable person could agree with the court. Based on Cochran's history of domestic violence and his new crime, a reasonable person could agree with the district court that Cochran was not a good candidate for further probation in any of the three cases. We therefore affirm the district court's judgment.

With that background, we will set out the facts of this case in greater detail. Following his arrest for driving under the influence, Cochran entered into a diversion agreement with the State. The State promised to dismiss the charge against Cochran after one year if he didn't commit any new crimes.

But within two months, Cochran picked up three new charges. Two of those were for domestic violence (one charge in municipal court and one in state district court). The third charge, also in municipal court, was for driving with a suspended license. In the district court case, Cochran entered into a plea agreement and was found guilty of aggravated battery. The district court gave him 18 months of probation with an underlying sentence of 16 months in prison that would be served if he didn't successfully complete his probation.

Because of the new crimes, though, the State moved to terminate the diversion agreement and prosecute Cochran for the DUI. The court granted that request, found Cochran guilty, and sentenced him to 12 months of probation with an underlying jail sentence of 6 months.

Then in June 2018, while still on probation in the two earlier cases, Cochran was arrested for domestic violence again. He had also violated a protection order—the fourth time he had done that in two years.

The State initially asked the district court to revoke Cochran's probations. But as part of a plea agreement, Cochran and the State jointly requested that the court order probation. They also asked the court not to revoke the two probations that Cochran was already serving.

Before accepting Cochran's plea, the district court told Cochran about sentencing procedures. The court asked Cochran whether he understood that the new conviction would violate probation in the earlier two cases. Cochran said that he did. The court asked whether he understood that the court could revoke those probations because of the violation. Again, Cochran said that he did. And the court asked if he understood that the court did not have to follow the sentencing recommendations from the plea agreement. Cochran understood that too.

At sentencing, the district court rejected the parties' recommendations and sentenced Cochran to prison on the newest charge. Although the court said that it generally followed sentencing recommendations, it found that probation was not appropriate for Cochran because he had already been on probation for assaulting the same victim—his wife. Because of that past offense and because he had repeatedly violated protective orders, the court found that Cochran would be a danger to his wife if he was on probation. The court also revoked Cochran's probation from the two earlier cases because he had committed a new crime while on probation. The court then ordered that Cochran serve the underlying 16-month prison sentence on the aggravated-battery conviction and 12 months in county jail on the domestic-battery conviction, a total of 28 months. (The court made one of the other sentences concurrent, so it didn't add further length to his total incarceration time.)

Cochran has appealed, arguing that no reasonable person could agree with the district court's decision to reject the sentencing recommendations in the plea agreement. The State did not file a response.

Cochran's history of arrests, violations, and pleas is complicated; the legal rules applicable to this appeal are not. Sentencing recommendations are not binding on a district court; instead, it's within the court's discretion to follow or reject them. *State v. Beck*, 307 Kan. 108, 109-10, 406 P.3d 377 (2017). It's also within the court's discretion to revoke probation when the defendant commits a new crime while on probation. *State v. Hurley*, 303 Kan. 575, 580, 363 P.3d 1095 (2016). And this court will overturn the discretionary decision of a district court only when no reasonable person could agree with the decision or if the court makes a legal or factual error. *Beck*, 307 Kan. at 110.

We find nothing unreasonable about the district court's decision to reject the State's sentencing recommendations. The State recommended probation, but Cochran was already on probation for a domestic-violence charge when he assaulted his wife again. And he had violated protection orders several times. Under those circumstances, it is reasonable to conclude, as the court did, that Cochran would continue to pose a danger to his wife if he received probation. A reasonable person could also agree with the court's decision to revoke probation in the earlier cases given his repeated probation violations.

On Cochran's motion, we accepted this appeal for summary disposition under K.S.A. 2018 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). We have reviewed the record available to the sentencing court, and we find no error in its decision to reject the plea agreement's sentencing recommendations and revoke Cochran's probation.

We affirm the district court's judgment.